UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7077 FMO (AFMx) | Date | November 18, 2020 |
|---|---|---|---|
| Title | Miguel Gutierrez v. New Hope Harvesting, LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present                        None Present

**Proceedings:**     (In Chambers) Order Re: Motion to Extend Fact Discovery Cutoff

     Having reviewed and considered the briefing filed with respect to plaintiff Miguel Gutierrez's ("plaintiff") Motion to Extend Fact Discovery Cutoff, (Dkt. 77, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

     "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. (internal quotation marks omitted). The court finds that plaintiff's ongoing discovery efforts have been reasonably diligent through "substitut[ion] [of] new counsel in December 2019[,] [the] addi[tion] [of] class and joint employer/client employer allegations in February 2020. . . . [and] New Hope's change in counsel[,]" which all prompted reasonable delays. (See Dkt. 77, Memorandum of Points and Authorities ("Memo.") at 9). Moreover, plaintiff's counsel's declaration filed in support of the Motion evidences sufficiently diligent efforts to push forward discovery in this matter. (See Dkt. 77-1, Declaration of Ezra Kautz [] ("Kautz Decl.") at ¶¶ 13-46); see also Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("Central to this required showing of diligence is whether the movant discharged her obligation under Rule 16 to collaborate with the district court in managing the case.").

     While the court understands defendant New Hope Harvesting, LLC's[1] ("NHH") position that it has participated in discovery efforts in good faith and "never intended to provide [] an extension" for fact discovery in the parties' latest stipulation, (see Dkt. 80, [NHH's] Opposition to Extend Fact Discovery Cutoff ("NHH Opp.") at 4-5); (Dkt. 67, Stipulation to Modify Schedule), the court finds that plaintiff "was diligent in seeking amendment of the Rule 16 order, once it became apparent

---

    [1] The court will refer to defendants New Hope Harvesting, LLC, Guadalupe Gaspar, Eugenia Gaspar Martinez, and Araceli Gaspar Martinez collectively as "New Hope Harvesting, LLC" or "NHH".

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7077 FMO (AFMx) | Date | **November 18, 2020** |
|---|---|---|---|
| Title | **Miguel Gutierrez v. New Hope Harvesting, LLC, et al.** | | |

that [he] could not comply with the order[.]" Jackson, 186 F.R.D. at 608; (see Dkt. 77, Motion at 9-12); (Dkt. 77-1, Kautz Decl. at ¶ 39); (Dkt. 77-9, Exh. 8).  With respect to defendant JDB Pro, Inc. d/b/a Central West Produce's ("CWP") arguments against good cause, (see Dkt. 82, [CWP's] Opposition to Plaintiff's Motion to Extend Fact Discovery Cutoff ("CWP Opp.") at 9-12), the court finds that plaintiff's discovery efforts as to CWP have been sufficiently diligent to meet his burden for good cause.  (See Dkt. 77-1, Kautz Decl. at ¶¶ 32, 35, 44-46).  Indeed, CWP recognizes that at least plaintiff's issues with the "two depositions he took on September 20 and 21" and future depositions are "potentially legitimate issues[.]"  (See Dkt. 82, CWP Opp. at 12).

Finally, the court finds that any potential prejudice to any defendant does not outweigh the good cause shown.  "Although the existence or degree of prejudice to the party opposing the modification [of a schedule under Rule 16(b)] might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  Johnson, 975 F.2d at 609.  Here, the court has recently ordered an extension – based on the parties' stipulation – as to expert discovery deadlines, the motion for class certification filing deadline, and the motion for summary judgment filing deadline.  (See Dkt. 68, Court's Order of October 14, 2020).  The trial date in this matter and related deadlines have been vacated and "will be reset after the resolution of any dispositive motions and the motion for class certification."  (Id. at 2).  Further, the court continues to operate under General Order No. 20-09, which has indefinitely postponed jury trials.  See In Re: Coronavirus Public Emergency, General Order No. 20-09 (C.D. Cal. August 6, 2020).  Thus, any claim of prejudice is minimal since there is no pending trial date.  In short, the court finds insufficient prejudice to any defendant to weigh against an extension to the fact discovery cutoff.

Based on the foregoing, IT IS ORDERED that plaintiff's Motion to Extend Fact Discovery Cutoff **(Document No. 77)** is **granted**.  The deadline for the completion of fact discovery shall be continued from December 18, 2020, to **May 18, 2021**.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |