Marco A. Palau, State Bar No. 242340
Joseph D. Sutton, State Bar No. 269951
Eric S. Trabucco, State Bar No. 295473
ADVOCATES FOR WORKER RIGHTS LLP
212 9th Street, Suite 314
Oakland, CA 94607
Telephone: (510) 269-4200
marco@advocatesforworkers.com
jds@advocatesforworkers.com
est@advocatesforworkers.com

Cynthia L. Rice, SBN 87630
Verónica Melendez, SBN 294106
Cecilia Guevara Zamora, SBN 307159
Ezra Kautz, SBN 330352
CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION
2210 K Street, Suite 201
Sacramento, CA 95816
Telephone:  (916) 446-7904
Facsimile:   (916) 446-3057
cricecrlaf@comcast.net
cguevarazamora@crlaf.org
vmelendez@crlaf.org
ekautz@crlaf.org

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GUTIERREZ,<br><br>Plaintiff,<br><br>vs.<br><br>NEW HOPE HARVESTING, LLC.; GUADALUPE GASPAR; EUGENIA GASPAR MARTINEZ; ARACELI GASPAR GASPAR MARTINEZ; and JDB PRO, INC., d/b/a CENTRAL WEST PRODUCE, Inclusive<br><br>Defendants. | Case No.:  2:19-cv-07077-FMO-AFM<br><br>**STIPULATION TO MODIFY SCHEDULE AND PROPOSED ORDER**<br><br>**FRCP 16** |

## INTRODUCTION

Plaintiff Miguel Gutierrez, Defendants New Hope Harvesting, LLC, Guadalupe Gaspar, Eugenia Gaspar Martinez, Araceli Gaspar Martinez (the "NHH Defendants" or "NHH"), and Defendant JDB Pro, Inc., d/b/a Central West Produce ("CWP") through their respective counsel of record (together the "Parties"), hereby submit this Stipulation and Proposed Order to modify the case schedule. This Stipulation and Order are brought pursuant to Federal Rule of Civil Procedure ("FRCP") 16(b)(4).

The Parties respectfully request that the Court continue and adjust certain discovery deadlines as detailed below. In particular, the Parties seek:

(1) to extend the fact discovery deadline for the limited purpose of allowing the completion of the depositions of Defendant Guadalupe Gaspar, opt-in plaintiffs, and other workers and potential members of the class;

(2) to extend the deadline for filing motion(s) for summary judgment on CWP's joint employer/client employer liability by approximately two weeks, to November 15, 2021;

(3) to bifurcate expert disclosure and extend the deadline for expert disclosure not related to CWP's joint employer/client employer liable to be due after the scheduled summary judgment motion(s) on that issue; and

(4) to extend the post-MSJ deadline for class certification/FLSA collective decertification by 30 days to accommodate the second phase of expert discovery; and

(5) to move the deadline for dispositive motions to 60 days after the Court's decision on class certification/FLSA collective decertification, rather than simultaneous with class certification/FLSA collective decertificaton motions.

The Parties respectfully request these modifications to permit the parties adequate time to complete fact and expert discovery; and to conserve party resources.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action against the NHH Defendants on June 15, 2019 in Santa Barbara Superior Court. The Complaint asserts individual wage claims and a representative claim for civil penalties on behalf of the State of California and Defendants' current and former employees pursuant to the Private Attorneys General Act, California Labor Code §§ 2699 et seq. ("PAGA"). (Dkt. #1, Attachment A.) The gravamen of the initial complaint is that the NHH Defendants allegedly failed to compensate their agricultural worker for all hours worked, and Plaintiffs sought to enforce penalties and recover underpaid wages due to him and other aggrieved employees under PAGA.  (See Id., generally.) On or about August 14, 2019, the NHH Defendants removed the action to this Court.  (Dkt. #1.)

The Court set the initial Scheduling Conference for October 24, 2019 in Courtroom 6d of the 1st Street Courthouse. (Dkt. #13.) However, the Scheduling Conference did not take place; after review of the Parties' Joint Rule 26(f) Report, the Court vacated the Conference and issued a Scheduling Order on October 18, 2019. (Dkt. #16.)

On December 9, 2019, Plaintiff filed a Request for Approval of Withdrawal of Counsel. (Dkt. #18.) Plaintiff sought new counsel in order to file a class action complaint that would allow him to recover underpaid wages on behalf of the workforce. Following the September 12, 2019 opinion by the California Supreme Court in ZB, N.A. v. Superior Court, 8 Cal. 5th 175, 193 (2019), it became apparent that, in order to recover wages on behalf of other workers, Plaintiff would have to assert class claims.[1] On December 12, 2019, the Court granted the request to substitute counsel and Advocates for Worker Rights LLP entered the case.  (Dkt. #19.)

On January 15, 2020, the Plaintiff and the NHH Defendants filed a stipulation requesting to modify the schedule and for Plaintiff to file his First Amended Complaint to add JDB Pro, Inc. (dba Central West Produce "CWP") as an additional Defendant. (Dkt.

---

[1] The court in ZB, N.A. v. Superior Court held that civil penalties recoverable under PAGA do not encompass an amount for unpaid wages, and thus the amount for unpaid wages does not constitute a "civil penalty" recoverable under PAGA.

23). The Court granted the parties' request on February 3, 2020. (Dkt. 24). CWP answered the complaint on April 21, 2020.

On June 12, 2020, the Parties filed a stipulation requesting to extend the time to amend the pleadings from June 16, 2020 to July 31, 2020. (Dkt. 52). The Court granted the parties' request on June 15, 2020. (Dkt. 53). On July 8, 2020, NHH Defendants retained to new counsel. (Dkt. 54). The Parties filed a further stipulation to modify the scheduling order and on August 3, 2020, the Court granted the request. (Dkt. 57.) On October 13, 2020, the Parties filed another stipulation to modify the scheduling order, Dkt. 67, and the Court granted the request on October 14, 2020. (Dkt. 68.)

As the Parties' October 13, 2020 Stipulation to Modify the Schedule did not request a continuance of the factual discovery cut-off date and Defendants did not agree to move the date, Plaintiff filed a Motion to Continue the discovery cut-off date. (Dkt. 77) The Court granted the Plaintiff's request on November 18, 2020. (Dkt. 90.)

On October 13, 2020, the Parties participated in a private mediation. The mediation was unsuccessful.

On January 25, 2021, the Parties stipulated to the conditional certification of the collective action under the Fair Labor Standard Act ("FLSA"). (Dkt. 99.) The Court entered an order conditionally certifying the FLSA collective action on January 27, 2021. (Dkt. 100.) The FLSA Notice Packet was mailed on or about March 5, 2021 and the deadline for workers who wish to join the FLSA claim to return their consent form was June 3, 2021.

On April 7, 2021, the Parties filed a stipulation to extend discovery deadlines by three months, and to schedule Rule 23 class certification to be decided after summary judgment on CWP's alleged liability as a joint employer or client employer. (Dkt. 108.) The Court entered an order modifying the schedule on April 20, 2021. (Dkt. 109.) The current deadlines are as follows:

- Fact discovery deadline was August 21, 2021;
- Initial expert disclosures by July 29, 2021;

- Expert disclosures by August 30, 2021;
- Expert discovery cut-off is September 30, 2021;
- Any summary judgment motions relating to the liability of CWP as a joint employer under federal and state law or as a client employer under Cal. Labor Code § 2810.3 by October 30, 2021;
- Any motion for class certification or for decertification of the FLSA collective action by 60 days after the Court's ruling on CWP joint employer/client employer liability; and
- Any dispositive motions by 60 days after the Court's ruling on CWP joint employer/client employer liability.

**Discovery**

Each of the Parties have propounded and responded to requests for production, requests for admissions, and interrogatories, and produced records.

Before mediation, the Parties conducted four depositions: Plaintiff on September 11, 2020; a Rule 30(b)(6) deposition of NHH on September 15, 2020; a Rule 30(b)(6) deposition of CWP on September 22, 2020; and a deposition of CWP Food Safety Director Julian Sollozo on September 21, 2020.

From September 2020 to present, the Parties have met and conferred extensively on document production. NHH and CWP have collectively produced over 20,000 pages of records in response to Plaintiff's discovery requests, including documents pertaining to their operations, relationship, and financial transactions. Plaintiff is currently processing approximately nine (9) banker boxes of punchcards. On June 23, 2021, NHH produced signed declarations from sixteen (16) employees who are members of the putative class. NHH has propounded written discovery requests on the FLSA opt-in plaintiffs.

Additional depositions were noticed for March 2021 but were delayed due to scheduling conflicts, illness, and ongoing negotiation to resolve disputes over document production.

Plaintiff conducted three further depositions in May and June 2021. On May 27, the deposition of Defendant Guadalupe Gaspar ended early due to the deponent's health issues. Plaintiff conducted a continued deposition of NHH under Rule 30(b)(6) on June 29, 2021, and a deposition of Defendant Eugenia Martinez on June 30, 2021. Plaintiff also conducted depositions of a NHH foreman on July 27 and two CWP quality control personnel on July 29, 2021. Finally, Plaintiff conducted a continued Rule 30(b)(6) deposition of CWP on August 13, 2021 (rescheduled from July 9 due to a conflict on the part of CWP).

Plaintiff intends to continue the deposition of Defendant Guadalupe Gaspar, which may take more than one date to accommodate his health condition. Plaintiff also intends to conduct depositions of workers and potential class members who have signed declarations gathered by NHH and which NHH produced on or about June 23, 2021. There are 15 declarants in this category, one of whom has been deposed. For its part, NHH intends to conduct depositions of 9-10 workers who filed opt-in consent forms for the FLSA collective action.

Certain written discovery remains outstanding. On July 15, 2021, Plaintiff served requests for production, interrogatories, and requests for admission on the NHH Defendants. On July 22, 2021, Plaintiff served further requests for admission on NHH and CWP, and further requests for production on NHH. The NHH Defendants and CWP have requested, and been provided, extensions on their time to respond. In addition, Plaintiff has requested time to pick up an updated production of timecards from NHH's office in Santa Maria, California; previous timecards were produced at NHH's counsel's office in San Francisco.

**GOOD CAUSE TO MODIFY THE SCHEDULE**

The Parties agree that there is good cause to modify the schedule as detailed below. The Parties have been diligent in propounding discovery and working to meet all case deadlines. However, despite the exercise of diligence, the Parties are unable to meet current deadlines. Furthermore, the Parties seek to ensure that the action moves forward

6
STIPULATION AND PROPOSED ORDER TO MODIFY SCHEDULE

while avoiding unnecessary expenditure of resources. The Parties therefore agree that the requirements of FRCP 16 are met. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 609 (9th Cir. 1992) (the focus of the good cause inquiry is upon the parties' reasons for seeking modification); and Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (if the party moving to modify the schedule was not diligent, the good cause inquiry ends).

Here, the Parties are seeking to modify the schedule only as follows:

(1) That the deadline for fact discovery is extended solely for the following: the depositions of Guadalupe Gaspar and workers/class members identified above ("the Identified Depositions"). The Parties also anticipate the need to update class payroll and timecard production as the class period continues. The deadline for all other fact discovery was August 21, 2021 and the Parties agree that this Stipulation shall not revive or extend any other fact discovery deadlines (including but not limited to the deadline for discovery motions to be heard).

(2) That the deadline for filing motion(s) for summary judgment relating to CWP's alleged joint employer/client employer liability is extended two weeks.

(3) That expert discovery relating to CWP's alleged joint employer/client employer liability be made by the existing deadlines, but that expert discovery on other topics be postponed until after the Court's decision on summary judgment on CWP's alleged joint employer/client employer.

(4) That the deadline for class certification/FLSA collective decertification be reset 30 days later to accommodate the second phase of expert discovery.

(5) That the deadline for dispositive motions be phased after the Court's decision on class certification/FLSA collective decertification motions.

There is good cause to extend the discovery cut-off to allow the identified depositions. The names of the workers to be deposed were only recently made known. NHH produced the declarations from current employees to Plaintiff on June 23, and the

deadline for putative members of the FLSA collective action to return their consent forms was June 3. As for Guadalupe Gaspar, his deposition was cut short due to medical issues, and the Parties are meeting and conferring on the health accommodations he will need to continue his deposition, which may include multiple dates.

The expert discovery modification is consistent with the Court's prior orders. The Court has already found good cause to modify the schedule so that summary judgment on CWP's alleged joint employer/client employer liability can be decided before class certification issues. (Dkt. 100.) Bifurcation of expert discovery along the same lines is based on the same interest in efficiency and conservation of party resources.

By the same token, scheduling dispositive motions to be heard after class certification is decided will conserve resources, and also ensure that the correct issues are put before the Court.

As such, the Parties respectfully request the Court extend the remaining case deadlines as follows:

|  | Current Deadline | Proposed |
|---|---|---|
| Identified Depositions | August 21, 2021 | 60 days after Court ruling on CWP MSJ |
| All Other Factual Discovery: | August 21, 2021 | unchanged |
| CWP Liability Initial Expert Disclosures | July 29, 2021 | unchanged |
| CWP Liability Rebuttal Expert Disclosures: | August 30, 2021 | unchanged |
| CWP Liability Expert Discovery Cutoff: | September 30, 2021 | unchanged |
| CWP Liability MSJ Filing: | October 30, 2021 | November 15, 2021 |
| Other Initial Expert Disclosures | July 29, 2021 | 30 days after Court ruling on CWP MSJ |

| | | |
|---|---|---|
| Other Rebuttal Expert Disclosures | August 30, 2021 | 60 days after Court ruling on CWP MSJ |
| Other Expert Discovery Cutoff | September 30, 2021 | 90 days after Court ruling on CWP MSJ |
| Class Certification/Collective Decertification: | 60 days after Court ruling on CWP MSJ | 90 days after Court ruling on CWP MSJ |
| Filing of Dispositive Motions: | 60 days after Court ruling on CWP MSJ | 60 days after Court ruling on Class Certification/Collective Decertification |
| Trial: | TBD | |

Date: September 1, 2021                **ADVOCATES FOR WORKER RIGHTS LLP**

**CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION**

/s/ Ezra Kautz
Ezra Kautz
*Attorneys for Plaintiff*

Date: August 31, 2021                **JACKSON LEWIS P.C.**

/s/ Veronica Hunter
Veronica Hunter

*Attorneys for Defendants New Hope Harvesting, Guadalupe Gaspar, Eugenia Gaspar Martinez, Araceli Gaspar Martinez*

Date: August 31, 2021                **MULLEN & HENZELL, LLP**

/s/ Brian Daly
Brian Daly

*Attorneys for JDB Pro, Inc., d/b/a Central West Produce*

## ATTESTATION

I, Ezra Kautz, attest that I have obtained the concurrence of counsel for the above signatories, for the filing of this Stipulation and Proposed Order. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of September, 2021, at Sacramento California.

By:   /s/ Ezra Kautz
       *Attorney for Plaintiffs*